IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANNA M. DAWKINS, | : | |
| | : | Case No. 2:22-cv-3103 |
| **Plaintiff,** | : | |
| | : | Chief Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Vascura |
| SAID M. HASHI, *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter comes before the Court on the Removing Defendants' Motion to Dismiss on the Basis of Fraudulent Joinder[1] (ECF No. 13) and Plaintiff's Motion to Remand (ECF No. 16)[2]. For the reasons stated therein, Plaintiff's Motion is **GRANTED** and the Removing Defendants' Motion is **DENIED**.

I. BACKGROUND

On June 30, 2022, Plaintiff Anna M. Dawkins filed the instant lawsuit in the Franklin County Court of Common Pleas, asserting state law claims against Defendants Said M. Hashi, Bahar Trucking, LLC, the Maryland Department of Health, Hertz Corporation, Amerigroup, "John/Jane Doe Driver," and "XYZ Corporation." (ECF No. 2).

Plaintiff is a citizen of the state of Maryland. (ECF No. 2 ¶ 1). Defendant Hashi is alleged to be a citizen of the state of Ohio. (*Id*. ¶ 2). Defendant Bahar Trucking, LLC is alleged to have its principal place of business in Columbus, Ohio. (*Id*. ¶ 3). Defendant Amerigroup is alleged to have citizenship in the state of Maryland. (*Id*. ¶ 11). According to Plaintiff, Defendant Maryland

---

[1] Although Defendants' Motion is intended as a response to the Magistrate Judge's November 9, 2022 Show Cause Order (ECF No. 12), this Court has clarified that it construes it as a Motion to Dismiss on the basis of fraudulent joinder. (*See* ECF No. 17).
[2] Although Plaintiff's Motion is intended as a response to Defendants' Motion, this Court has clarified that it construes it as a Motion to Remand. (*See* ECF No. 17).

Department of Health (the "Department") is based in Baltimore, Maryland, and Defendant Hertz Corporation is based in Estero, Florida. (*Id*. at 1). Plaintiff represents that the addresses of "Jane/John Doe Driver" and "XYZ Corporation" are unknown. (*Id*. at 1–2).

In her Complaint, Plaintiff alleges that she was injured on July 5, 2020, in a motor vehicle accident involving a commercial vehicle negligently operated by Defendant Said M. Hashi and/or John Doe Driver[3]. (*Id*. ¶¶ 7–13). Plaintiff further alleges that at the time of the accident, Defendant Said M. Hashi and/or John Doe Driver was operating the commercial vehicle within the scope of his employment with Defendant Bahar Trucking, LLC and/or XYZ Corporation, who is also the owner of the commercial vehicle. (*Id.* ¶¶ 8–10, 14).

Plaintiff's Complaint also notes that the Department and/or Amerigroup (the "non-diverse Defendants") has paid or will pay medical expenses on her behalf for injuries deemed to be "related to the subject matter of the Complaint." (*Id*. ¶ 44). Plaintiff denies that they are entitled to be reimbursed or subrogated to her rights for monies paid for medical expenses related to this lawsuit. (*Id*. ¶ 45). Consequently, Plaintiff's Complaint seeks a determination from this Court as to whether and to what extent the non-diverse Defendants are entitled to recovery for the medical benefits paid to Plaintiff. (*Id.*). Defendants generally deny all issues of negligence, causation, and damages. (ECF No. 3).

On August 12, 2022, Defendants Bahar Trucking, LLC, and Said M. Hashi (the "Removing Defendants") filed their Notice of Removal, relying on diversity of citizenship to satisfy federal subject-matter jurisdiction under 28 U.S.C. § 1332(a) (ECF No. 1). On November 9, 2022, the Magistrate Judge issued a Show Cause Order instructing the parties to show cause why this case should not be remanded for lack of subject-matter jurisdiction. (ECF No. 12). In

---

[3] Although the Complaint lists "John/Jane Doe Driver" as a defendant, its allegations concern only "John Doe Driver."

her Show Cause Order, the Magistrate Judge noted two apparent defects with the Removing Defendants' diversity allegations: (1) Plaintiff is alleged to be a citizen of Maryland, as is Defendant Amerigroup; and (2) even if the parties were completely diverse, Defendant Department appears to be an arm or alter ego of the state of Maryland and thus cannot constitute a "citizen of a state" for purposes of diversity jurisdiction. (*Id*. at 1).

On November 21, 2022, the Removing Defendants filed their response to the Show Cause Order (ECF No. 12), which this Court construes as a Motion to Dismiss the Department and Amerigroup on the basis of fraudulent joinder. (*See* ECF No. 17). On January 13, 2023, Plaintiff filed her response to Defendants' Motion (ECF No. 16), which this Court construes as a Motion to Remand. (*See* ECF No. 17). On July 5, 2023, Amerigroup was dismissed from this action. (ECF No. 29).

The parties' Motions are ripe for this Court's review.

## II. STANDARD OF REVIEW

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Civil actions brought in state court may be removed to federal district court by a defendant if the federal court has original jurisdiction over the claim. 28 U.S.C. § 1441(a). "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship jurisdiction.'" *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006). Diversity jurisdiction requires that the parties be completely diverse and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). If at any time before final judgment the federal court deems that it lacks subject matter jurisdiction, the action must be remanded. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of demonstrating by a preponderance of the evidence that the diversity jurisdiction requirements are more likely met than not. *Hayes v. Equitable Energy Res Co.*, 266 F.3d 560, 572 (6th Cir. 2001). Where the removal is based on diversity jurisdiction, diversity must be complete at the time of the removal, meaning "that all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 492 (6th Cir. 1999) (internal quotations omitted); *see also Spizizen v. Nat'l City Corp.*, 516 F. App'x 426, 429 (6th Cir. 2013). Where the federal court holds doubt as to its jurisdiction, the removal statute should be strictly construed and "all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996)).

### III. LAW AND ANALYSIS

While Plaintiff's Motion maintains that this case should be remanded because complete diversity is not met, the Removing Defendants' Motion seeks the dismissal of the non-diverse Defendants so that complete diversity would be achieved at either rate. In their Notice of Removal, the Removing Defendants asserted that both requirements to invoke the federal court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 have been met. (ECF No. 1 ¶¶ 13, 16). But as Plaintiff's Motion to Remand notes, the Notice states that Plaintiff is a citizen of Maryland (*Id*. ¶ 7), as are the Removing Defendants Amerigroup (*Id*. ¶ 11) and the Department (*Id*. ¶ 10).

The Removing Defendants argue that remanding this case to state court would be improper because the doctrine of fraudulent joinder applies in this case, hence complete diversity between the parties is unnecessary. In fact, they contend, the non-diverse Defendants should be dismissed from this lawsuit because they were fraudulently joined. According to the Removing

4

Defendants, the doctrine applies here because Plaintiff has no colorable cause of action against the non-diverse Defendants. The Removing Defendants contend that no controversy exists between Plaintiff and the non-diverse Defendants because her only claim against the non-diverse Defendants is a request for a declaratory judgment. That claim, the Removing Defendants argue, assumes that the non-diverse Defendants will assert a claim against Plaintiff for subrogation of her right to monies paid for medical expenses. The Removing Defendants represent that the non-diverse Defendants have not yet asserted such a claim. According to the Removing Defendants, the dismissal of the non-diverse Defendants would allow this Court to exercise subject-matter jurisdiction over this action based on diversity of citizenship under 28 U.S.C. § 1332(a).

Plaintiff argues that this case should be remanded because there is no complete diversity in this case and the doctrine of fraudulent joinder does not apply. According to Plaintiff, the non-diverse Defendants' assertion of claims against her for subrogation is not a contingent future event—each of the non-diverse Defendants served Plaintiff with correspondence in which it asserted its alleged subrogation rights in this matter. Plaintiff also questions the viability of the fraudulent joinder doctrine, reasoning that "it is unclear whether . . . [a] federal court even has the authority to decide whether a Defendant has been fraudulently joined." (ECF No. 16 at 2).

The Sixth Circuit has explained that, "[i]n order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). This Court notes at the outset of this analysis that the Eleventh Amendment likely immunizes the Department from suit in this case. *See Edwards v. Commonwealth of Kentucky Revenue Cabinet, Div. of Compliance & Taxpayer Assistance*, 22 F. App'x 392, 393 (6th Cir. 2001) (explaining that "[t]he

5

Eleventh Amendment bars a suit against a state or one of its agencies in federal court unless the state has waived its immunity or unless Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity."). Although Defendant Amerigroup was dismissed by the parties, its citizenship is relevant to this analysis because it was a party to this case both when the case was commenced and when the notice of removal was filed. *See Jerome-Duncan, Inc.*, 176 F.3d at 907. Because this case must be remanded if the inclusion of either of the non-diverse Defendants destroyed complete diversity, this Court thus limits its analysis to Defendant Amerigroup.

Plaintiff alleged that Defendant Amerigroup is a citizen of Maryland. (ECF No. 1 ¶ 11). The Removing Defendants do not contest Amerigroup's citizenship. Because it is not true "that all parties on one side of the litigation [were] of a different citizenship from all parties on the other side of the litigation," diversity was not complete at the time of removal. *Hayes*, 266 F.3d at 572.

There is an exception to the requirement that there be complete diversity at the time of removal, however. As articulated by the Sixth Circuit, "[w]hen a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Cline v. Dart Transit Co.*, No. 21-3468, 2023 WL 3003190, at *3 (6th Cir. Apr. 19, 2023). "If the non-diverse defendant was not fraudulently joined, then the district court lacks subject-matter jurisdiction and must remand the case to state court." *Id*. A defendant is fraudulently joined if it is "clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law . . . " *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir. 2012) (*quoting Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th

6

Cir.1994)). The removing defendant has the burden of demonstrating the existence of fraudulent joinder. *Id*. at 433.

Plaintiff's Complaint seeks a declaratory judgment stating that the non-diverse Defendants are not entitled to be reimbursed or subrogated to her rights for monies paid for medical expenses related to this lawsuit. The question here is whether Plaintiff's claim is cognizable in the state of Ohio, an inquiry which requires this Court determine (1) whether this matter is justiciable under Ohio law; and (2) whether Ohio law recognizes the relief that Plaintiff seeks.

First, contrary to the Removing Defendants' arguments, this matter is justiciable under Ohio law. The Removing Defendants' argument is that Plaintiff cannot seek a court ruling on a potential claim that the non-diverse Defendants have not yet brought. But O.R.C. § 2721.04 provides that "a contract may be construed by a declaratory judgment or decree either before or after there has been a breach of the contract." Ohio Rev. Code Ann. § 2721.04. Ohio courts have recognized the justiciability of actions wherein the insured pursued a declaratory judgment against an insurer that would prevent the insurer from asserting a subrogation claim against him or her. *See, e.g., Huron Cty. Bd. of Commrs. v. Saunders*, 6th Dist. No. H-01-055, 149 Ohio App.3d 67, 2002-Ohio-3974, 775 N.E.2d 892, ¶¶ 16, 25; *Macejko v. Ortiz*, 7th Dist. Mahoning No. 06 MA 158, 2008-Ohio-1188, ¶¶ 6–7. As a fellow court in this district has articulated in a declaratory action concerning an Ohio insurance contract, "the pleading of a declaratory judgment action seeking to clarify contract rights is what declaratory judgment actions are designed to provide." *Cardinal Health, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 2:20-CV-5854, 2021 WL 3184947, at *5 (S.D. Ohio July 28, 2021), *aff'd*, 29 F.4th 792 (6th Cir. 2022). Given the Ohio Supreme Court's explanation that "[a] declaratory judgment action may

be brought even before any contract breach," *Mid-Am. Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 8, it cannot be true that an insured party cannot file a declaratory judgment action until the insurer files a formal claim.

As explained by the Ohio Supreme Court, "in order for a justiciable question to exist, the danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events and the threat to his position must be actual and genuine and not merely possible or remote." *Heasley*, 2007-Ohio-1248, ¶ 9, 113 Ohio St.3d 133, 863 N.E.2d 142 (cleaned up). Under the facts of this case, the "danger or dilemma" which Plaintiff seeks to avoid is not hypothetical or remote. The Department mailed to Plaintiff a letter asserting its alleged rights to subrogation. (ECF No. 16-1 at 1). It also mailed to Plaintiff a second letter instructing her to contact Amerigroup "for information regarding claims or liens if [she] [is] pursuing any subrogation interest against liable third parties." (*Id.* at 2). These letters, which were sent to Plaintiff's counsel, acknowledged the Department's awareness of the lawsuit and instructed Plaintiff to inform Amerigroup of the pending litigation. The fact that these letters were sent (1) to counsel, (2) after the lawsuit commenced, and (3) asserting the rights of the non-diverse Defendants to the proceeds make it reasonably likely that either or both of the non-diverse Defendants will file a claim against Plaintiff for subrogation and/or reimbursement in the future. At the least, the possibility that Defendant Amerigroup will file a claim is, in this Court's estimation, not so unlikely as to be merely possible or remote. At any rate, the letters communicate the Department's (and, quite possibly, Amerigroup's) theory of entitlement to subrogation in this case—a theory which Plaintiff opposes. There is thus "a genuine dispute between parties with adverse legal interests." *Gauthier v. Gauthier*, 12th Dist. Warren No. CA2018-09-098, 2019-Ohio-4208, ¶ 38. This Court therefore finds that there exists here an

"actual controversy, the resolution of which will confer certain rights or status upon the litigants." *Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 9 (cleaned up).

Second, Ohio law recognizes the relief which Plaintiff seeks: a declaratory judgment barring the non-diverse Defendants (or Amerigroup, at the very least) from asserting subrogation and/or reimbursement claims against her. As this Court explained, O.R.C. § 2721.04 provides that a contract may be construed by a declaratory judgment before there has been a breach of the contract. Ohio Rev. Code Ann. § 2721.04. Ohio law also recognizes "[t]he right of an insurer to be subrogated to the rights of the insured." *Erie Ins. Co. v. Kaltenbach*, 130 Ohio App. 3d 542, 546, 720 N.E.2d 597, 600 (1998). There are three distinct types of subrogation in Ohio: legal, statutory, and conventional. *N. Buckeye Edn. Council Group Health Benefits Plan v. Lawson*, 103 Ohio St.3d 188, 2004-Ohio-4886, 814 N.E.2d 1210, ¶ 18. Conventional subrogation, the focus of which is the agreement of the parties, "is premised on the contractual obligations of the parties, either express or implied." *Id*. Contract principles control the interpretation of contractual subrogation clauses in an insurance policy. *Id*. at ¶ 17. Contract principles also apply to contractual reimbursement clauses in an insurance policy. *See Gerak v. Dentice*, 9th Dist. Summit No. 19767, 2000 WL 372316, *5, *cause dismissed*, 90 Ohio St.3d 1461, 737 N.E.2d 968 (2000).

If Plaintiff's plan is an employee benefit plan, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, provides her with remedies. *K.B. by & through Qassis v. Methodist Healthcare - Memphis Hosps.*, 929 F.3d 795, 799 (6th Cir. 2019). In a case arising under ERISA, "[u]nlike subrogation, which arises under state law and allows the insurer to stand in the shoes of its insured, reimbursement is a contractual right governed by ERISA and comes into play only after a plan member has received personal injury compensation." *Marshall v.*

9

*Emps. Health Ins. Co.*, No. 96-6063, 1997 WL 809997, at *5 (6th Cir. Dec. 30, 1997). Thus, at any rate, Ohio courts can produce a declaratory judgment providing that Defendant Amerigroup either possesses or lacks the right to subrogation and/or reimbursement in this case. Consequently, the Removing Defendants' argument that Defendant Amerigroup was fraudulently joined fails.

Because Amerigroup was named as a Defendant at the time, this Court finds that this case lacked complete diversity when it was removed to this Court. This Court therefore lacked subject-matter jurisdiction at the time of removal. This case must thus be remanded.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is **GRANTED**. (ECF No. 16). The Removing Defendants' Motion to Dismiss on the basis of fraudulent joinder (ECF No. 13) is **DENIED**. Accordingly, the case is **REMANDED** to the Franklin County Court of Common Pleas for further proceedings.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  August 14, 2023**